ESTATE OF WALDO ROHNERT, BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87304. Promulgated December 28, 1939.

---

*Emmet W. Gottenberg, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

HARRON: The Commissioner included in decedent's gross estate the sum of $32,870.68 representing the proceeds held by an insurance company which had been subject to payment direct to decedent. This sum is the balance of proceeds of insurance policies which decedent, during his lifetime, surrendered for their cash value. This sum was included properly in the gross estate. It appears that this determination is not contested by petitioner. These proceeds were payable to decedent during his lifetime. Upon his death, they were payable to the estate.

Section 302 (g) of the Revenue Act of 1926[1] provides that the amount of insurance receivable by the executor of an estate shall be included in gross estate for estate tax, and that insurance receivable by all other beneficiaries shall be included in gross estate *to the extent of the excess thereof over $40,000*. The insurance on the life of the decedent was made payable, on the policies, to beneficiaries other than the executor of the estate. However, since estate taxes were to be paid from the *inter vivos* trust which included all the insurance, respondent has treated all the insurance, in the total amount of $166,-205.79, as subject to the payment of a claim against the estate, and, therefore, as receivable by the executor rather than by other beneficiaries. As a result of the respondent's treatment of the insurance, he has determined that the total amount of the insurance is includable in the gross estate under the terms of the first clause in section 302 (g). The sole question is whether that determination is correct,

---

[1] SEC. 302. (g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

or whether the insurance is of the class described in the second clause of section 302 (g) so as to make the $40,000 exemption, allowed by the statute, applicable thereto, and only the excess over $40,000 includable in gross estate.

The property in the *inter vivos* trust is of two classes; 20,527 shares of various stocks, and the proceeds of six policies of insurance upon the life of the decedent. Each of the policies was payable to the trustee of the *inter vivos* trust, who was to hold the net corpus of the trust for the benefit of decedent's widow and children.

Since the insurance on the face of each policy was payable to the trustee, it is only by construction of the terms of the 1926 trust agreement that it can be held that any of the insurance was receivable by the executor of decedent's general estate, under section 302 (g). The trustee was obligated to pay all estate taxes from the *inter vivos* trust. The executor of the estate was a limited beneficiary of the *trust*. There is no direction to the trustee to pay estate taxes from property other than the insurance proceeds. The taxes could be paid from any funds or property in the trust. However, in the absence of readily available funds from other property in the trust, some of the insurance was clearly subject to payment of a particular charge against the estate, namely, estate taxes. It is, therefore, concluded that, under the terms of the 1926 trust, at least some of the insurance was subject to payment of a charge against the estate, namely, estate taxes.

The total amount of estate taxes for which the trustee of the *inter vivos* trust was liable, is known. That amount is approximately $54,306. That amount represents all of the charges against the estate of which it can be said that the insurance was subject to meet charges against the estate. That amount is all of the insurance which can be said to be "receivable by the executor" under the first clause of section 302 (g). The balance of the insurance, approximately $111,900, is clearly such insurance as is described in the second clause of section 302 (g). It is receivable by a beneficiary other than the executor. None of the remainder of the insurance is for the benefit of the estate, nor is it distributable by the executor of the estate. The executor of the general estate exercises no control over the remainder of the insurance proceeds. It is concluded that the balance of the insurance, about $111,900, is includable in gross estate to the extent of the excess over $40,000, under the provisions of the second clause of section 302 (g).

It is pointed out, further, that the insurance in question was taken out by the decedent to provide decedent's wife and children with an estate to be administered by a bank as trustee. It would be unreasonable to conclude that all the insurance was taken out by the decedent to provide funds to meet the estate taxes, as respondent

contends, in view of the fact that the face amount of all the insurance was $165,000, and all the estate taxes amount to only $54,306.47.

Congress has seen fit to include in the gross estate of a decedent only the excess over $40,000 of the amount of insurance receivable by other beneficiaries than the executor. Congress intended to allow the exemption of $40,000 of insurance passing directly to a beneficiary over which the executor exercises no control. See Report No. 767 (p. 22) of the Committee on Ways and Means, submitted to Congress when the Revenue Bill of 1918 was under consideration, quoted in *Marmaduke B. Morton, Administrator*, 23 B. T. A. 236, 243. Respondent's contention in this case disregards the express intention of Congress in enacting the second clause of section 302 (g), and disregards the language of that statutory provision. It is noted that, under somewhat similar facts, in *Pacific National Bank of Seattle, Executor*, 40 B. T. A. 128, 137, the Commissioner contended that insurance receivable by beneficiaries other than an executor was includable in gross estate only *to the extent used* for the payment of claims against the estate. We sustained that contention. We stated:

\* \* \* notwithstanding the fact that the proceeds here were not payable to the bank as executor but as trustee, they were subjected by the trust agreement to the charges in question, *and to that extent and on that account* are properly includable in the gross estate. [Italics supplied.]

Respondent relies upon the *Morton* case, *supra*, as authority for his contention that the total proceeds of insurance should be held to be receivable by the executor of decedent's estate and, therefore, includable in the gross estate for estate tax. In the *Morton* case, the decedent appointed the Bartlett Trust Co. as executor under his will. Under the will, the decedent bequeathed the residue of his estate in trust to the Bartlett Trust Co., as trustee. Insurance on the life of the decedent was payable to the Bartlett Trust Co., as trustee under the will. In the will, the decedent directed the trustee under the will to pay all charges against the estate from the residuary estate, and the insurance proceeds were part of and commingled with the residuary estate. Under the particular facts, it was held that all of the proceeds of insurance was subject to the payment of claims against the estate and, therefore, was insurance "receivable by the executor", so as to be includable in gross estate under the first clause of section 302 (g). In *Estate of Willard T. Carleton*, 37 B. T. A. 66, 70, the rationale of the opinion in the *Morton* case is stated to be as follows:

\* \* \* The effect of our opinion in that case was to hold that no express trust was created by decedent's making the policies of insurance payable to Bartlett Trust Co., trustee, under the will and that, because no express trust was thereby created, there was a resulting trust in favor of the estate and the estate was therefore the beneficiary of the policies and the $40,000 exemption did not apply.

It further appears in the opinion in the *Morton* case that, under the facts, we concluded that all the insurance in question was subject to distribution as part of the estate. The trustee under the will and the executor of the estate being the same institution, the situation was the same as though the insurance was receivable by the executor of the estate.

In this case, the insurance is receivable by a trustee of an *inter vivos* trust for named beneficiaries. The *inter vivos* trust is separate from the general estate, and from a testamentary trust created under a will. Cf. *Boston Safe Deposit & Trust Co.* v. *Commissioner*, 100 Fed. (2d) 266. In *Pacific National Bank of Seattle, Executor, supra,* we held that insurance receivable by beneficiaries other than an executor of a general estate was includable in gross estate only *to the extent used* for the payment of claims against the estate. In so holding, we modified the rule of the *Morton* case, at least in so far as the respondent argues that it supports his contentions in this case. We reach the same result here as was reached in the *Pacific National Bank of Seattle* case. See, also, *Commissioner* v. *Jones*, 62 Fed. (2d) 496, 497.

Upon the conclusions reached above, there should be included in the gross estate for estate tax, $32,870.68, the proceeds of the cash value of policies surrendered by decedent during his life; $54,306.47, the amount advanced by the trustee of the *inter vivos* trust for estate taxes; $71,899.32, the extent of insurance receivable by a beneficiary other than the executor above $40,000.

Reviewed by the Board.

*Decision will be entered under Rule 50.*