ESTATE OF CHARLES HOWARD WADE, DECEASED, TITLE INSURANCE AND TRUST COMPANY, FRANKLIN S. WADE AND RICHARD FITZPATRICK, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107155. Promulgated June 3, 1942.

*Richard Fitzpatrick, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $1,065.42 in estate tax by including in the gross estate the corpus of a trust consisting of insurance taken out by the decedent upon his own life. The important facts are stipulated, and are found as stipulated. Additional evidence consisting of testimony as to the intent of the testator does not affect the decision.

Decedent died February 9, 1939. The estate tax return was filed in Los Angeles, California, where he had lived. In October 1938, by a revocable trust, he transferred in trust six policies of insurance aggregating $25,000 on his own life. They had been issued at various times between March 1906 and September 1925. Decedent's wife had been the named beneficiary, and decedent exercised his power to change the beneficiary by naming the trustee the beneficiary under the policies. Many powers were given to the trustee by the trust instrument, among them the power to pay from corpus (which consisted entirely of the insurance policies) taxes, certain described obligations, expenses of burial and last illness, attorney's fees, etc. Contemporaneously with the execution of the trust instrument, decedent made his will, in which he named as executors the same trust company and two individuals as were named trustees of the trust. His wife and children were beneficiaries of the trust and of his will. The executors paid the charges against the estate, and had something left over, as disclosed by the final account filed with and allowed by the Superior Court. The trustee did not exercise the power to pay any of such charges.

The question is whether the petitioner is entitled to have the insurance excluded from the gross estate, since the amount is less than $40,000. Section 302 (g), Revenue Act of 1926, which is now section

811 (g), Internal Revenue Code, provides that the gross estate shall include the value of property:

To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

Literally no part of the insurance was receivable by the executor. It was receivable by the trustee in trust for the wife and children. Whether we consider that it was receivable by the trustee, as strictly it was, or by the beneficiaries of the trust, makes no difference for present purposes, since in either case the amount was receivable by one other than the executor, cf. *Boston Safe Deposit & Trust Co.* v. *Commissioner*, 100 Fed. (2d) 266.

Respondent, however, argues that the right to receive the insurance proceeds must be imputed to the executor. If the trustee had been directed to pay charges of the estate, instead of having the power to do so, and had used the proceeds in that way, they would properly be regarded as receivable by the executor, since they would serve to discharge his obligations and would therefore be within the intendment of the statute, *Marmaduke B. Morton, Administrator*, 23 B. T. A. 236; *Pacific National Bank of Seattle, Executor*, 40 B. T. A. 128; *Estate of Waldo Rohnert*, 40 B. T. A. 1319; *Mathilde B. Hooper, Administratrix*, 41 B. T. A. 114; *Estate of Silas B. Mason*, 43 B. T. A. 813 (on review, C. C. A., 6th Cir.); *Estate of Henry William Hofferbert*, 46 B. T. A. 1101. But a mere power, as distinguished from a duty,[1] in one other than the executor, to pay charges of the estate is not sufficient to support the imputation of the proceeds to the executor, *Old Colony Trust Co., Executor*, 39 B. T. A. 871, although the exercise of the power to use some of the proceeds in payment of taxes of the estate would render such part of the proceeds nonexempt and leave only the remainder of the proceeds within the $40,000 exemption, *Estate of Waldo Rohnert, supra*.

Since the proceeds were receivable by one other than the executor and there was in the recipient but an unexercised power to use them to discharge obligations of the executor, they are, to their full extent (which is less than $40,000) excluded from the gross estate.

The respondent argues that the insurance proceeds are properly included within the gross estate under subdivision (d), since they constitute the corpus of a trust which is, as petitioner admits, revocable. But this would only serve to disregard the trust and thus to impute the corpus to the settlor and his estate. The character

---

[1] Restatement of the Law of Trusts, sec. 187:

"(a) * * * The exercise of a power is discretionary except to the extent to which its exercise is required by the terms of the trust or by the principles of law applicable to the duties of trustees * * *."

of what would thus be imputed would continue to be life insurance receivable by one other than the executor, and, as if no trust had been declared, the exemption of subdivision (g) would demand consideration. Clearly insurance upon the decedent's life which by its terms is receivable by one other than the executor is no less subject to the exemption of $40,000 when held by the decedent than when held in trust at his direction. By the same reasoning, the idea that the trust was made in contemplation of death or to take effect in possession or enjoyment at or after death and is therefore within subdivision (c), lends no force to the respondent's argument.

*Decision will be entered under Rule 50.*