Estate of Max Reinhold, Joseph Hornstein and Joseph Strauss, Surviving Executors v. Commissioner.
Estate of Reinhold v. Commissioner
Docket No. 231.
United States Tax Court
1944 Tax Ct. Memo LEXIS 314; 3 T.C.M. (CCH) 285; T.C.M. (RIA) 44093; March 28, 1944
*314 Homer I. Harris, Esq., 270 Broadway, Manhattan, N. Y., for the petitioners. Arthur Groman, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $514.10. The petition alleges that the respondent erred in the determination of the deficiency by including in the gross estate $6,237.08, the proceeds from certain insurance policies on the life of the decedent which were paid to the Grace National Bank of the City of New York in settlement of a debt owed to the bank by the decedent, the policies upon which the payments were made having been assigned to the bank as collateral for the debt. [The Facts] The facts have all been stipulated. The petitioners are the surviving executors of the estate of Max Reinhold who died on August 23, 1939. An estate tax return was filed for his estate with the collector of internal revenue for the fourteenth district of New York. On December 22, 1938, the decedent obtained a loan of $6,000 from the Grace National Bank of New York and gave his notes therefor, assigning therewith seven policies of insurance. The beneficiary in each of the policies *315 was Fannie Reinhold, the wife of the decedent, if living, or, if not, to the insured's son, Charles Reinhold. The assignment of the policies was made by both Max *reinhold and Fannie Reinhold. On the date of the death of the decedent there was owing on such notes $6,237.08. Following the death of Max Reinhold the Equitable Life Assurance Society paid the following sums on the policies above mentioned: Total Proceeds
Amount Paid
Amount Paid
Item
Policy
(Including post
to Fannie
to Grace
No.
No.
mortem Dividends)
Reinhold
National Bank
1
3,377,782
$4,004.30
$3,809.64
$ 194.66
2
3,406,863
2,501.36
1,500.00
1,001.36
3
3,596,060
2,504.36
1,500.00
1,004.36
4
4,235,371
2,501.75
1,500.00
1,001.75
5
4,246,332
2,503.13
1,500.00
1,003.13
6
8,704,470
2,508.19
1,500.00
1,008.19
7
9,440,743
2,523.63
1,500.00
1,023.63
$19,046.72
$12,809.64
$6,237.08
The debt of $6,237.08 due to the Grace National Bank at the death of Max Reinhold was claimed in his estate tax return as a deduction from the gross estate and duly allowed by the respondent. The total amount of life insurance listed in schedule "D" of the decedent's estate tax return *316 was $27,076.72, which sum included the seven policies of life insurance hereinabove referred to. That entire amount was deducted as the "amount receivable by beneficiaries, other than the estate, not in excess of $40,000" so that the total amount of insurance included in the gross estate was zero. In his determination of the deficiency the respondent found that the proceeds to the extent of $6,237.08 were receivable or for the benefit of the estate and therefore were includable in the gross estate under the provisions of section 811 (g) of the Internal Revenue Code. The question presented is whether the proceeds of the policies to the extent of $6,237.08 are includable in the gross estate of the decedent. So far as pertinent section 811 I.R.C. provides as follows: SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(g) Proceeds of Life Insurance. - To the extent of the amount receivable by the executor as insurance under policies taken out by *317 the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life. The pertinent regulation of the respondent is section 81.26 of Regulations 105, which provides: SEC. 81.26. Insurance in favor of the estate. - The Internal Revenue Code requires the inclusion in the gross estate of all insurance receivable by the executor or administrator or payable to the decedent's estate, and all insurance which is in fact receivable by, or for the benefit of the estate. It includes insurance effected to provide funds to meet the estate tax, and any other taxes, debts, or charges which are enforceable against the estate. * * * It will be noted that there is to be included in the gross estate all items of property, tangible or intangible, which constitute a part of the gross estate. There is excepted therefrom, however, the proceeds of policies of insurance "receivable by all other beneficiaries" than the executor. The respondent's regulations provide that insurance which is "in fact receivable by, or for the benefit of, the estate" is to be included in the gross *318 estate. In our opinion this regulation correctly interprets the statute. Where policies of life insurance are assigned to a bank or other creditor as security for a loan made to the insured and the indebtedness of the insured is satisfied out of the proceeds of the insurance policies, those proceeds constitute a part of the gross estate of the decedent. See Estate of Silas B. Mason, 43 B.T.A. 813; Estate of Henry William Hofferbert, 46 B.T.A. 1101; Estate of James H. Matthews, 3 T.C. 525. They are as much a part of the gross estate as the debt is a deduction from the gross estate. One counterbalances the other. Fannie Reinhold was the residuary legatee of her husband's estate. She died some time after her husband. In the settlement of her estate a question arose as to whether the executors were entitled to receive from the estate of Max Reinhold the amount of $6,237.08, together with interest thereon, which represented the proceeds of the insurance policies which had been used to pay off the indebtedness of Max Reinhold to the Grace National Bank of New York. The surrogate ruled that the *319 executors of her estate were entitled to receive out of the proceeds of the estate of Max Reinhold the amount claimed. By reason of this fact the petitioners, the executors of the estate of Max Reinhold, claim that they are entitled to exclude from the gross estate of Max Reinhold the $6,237.08 in question. We do not see wherein this follows. The surrogate simply recognized that the proceeds of the insurance policies to the extent of $6,237.08 constituted an asset of the estate of Max Reinhold and since Fannie Reinhold was the named beneficiary in the policies her estate was entitled to receive from the estate of her husband the $6,237.08, together with interest. The Federal estate tax law carries its own criteria. It clearly provides that there may be excluded from the gross estate, up to the extent of $40,000, the proceeds of insurance policies receivable by other beneficiaries than the executor. Quite clearly Fannie Reinhold did not receive from the insurance company the $6,237.08 which was applied to satisfy the indebtedness of Max Reinhold to the Grace National Bank. What her estate recovered from the estate of her husband was not the proceeds from insurance policies. Therefore *320 they are not excludable from the gross estate of Max Reinhold. Decision will be entered for the respondent.