Mrs. Frankie Lou Smith **PRICHARD**, Independent Executrix of the Estate of Houston Smith, Jr., Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 3–1115.

United States District Court
N. D. Texas,
Dallas Division.
June 20, 1966.

George E. Ray, Donald J. Hahn, Jr., Ross H. Hemphill, Curtis W. Meadows, Jr., Thomas W. Oliver, Dallas, Tex., McCulloch, Ray, Trotti & Hemphill, Dallas, Tex., of counsel, for plaintiff.

Richard M. Roberts, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Stanley F. Krysa, Robert L. Waters, Edward A. Copley, Jan Tyler, Attys., Tax Div., Dept. of Justice, Fort Worth, Tex., Melvin M. Diggs, U S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant.

HUGHES, District Judge.

### FINDINGS OF FACT

1. This is an action for the recovery of federal estate taxes and interest paid by plaintiff as independent executrix of the Estate of Houston Smith, Jr., who died on July 2, 1960.

2. In 1957, the decedent, who was a building contractor, decided to build a shopping center in Odessa, Texas. In

an effort to obtain permanent financing of the shopping center, decedent and his representative, F. J. Hurlbut, approached Great Southern Life Insurance Company (hereinafter referred to as Great Southern) during the month of September, 1957, with respect to obtaining a loan from Great Southern for the financing of the center to be known as Town & Country Shopping Center.

3. On Tuesday, September 24, 1957, decedent and Mr. Hurlbut conferred with G. H. McDaniels in the office of Great Southern in Houston, Texas. On September 27, 1957, McDaniels advised Hurlbut by letter that the matter had been discussed by the Loan Committee of Great Southern and that Great Southern was interested in a loan of $500,000, subject to the condition that the decedent apply for $250,000 of life insurance with Great Southern, which would be assigned as additional collateral for the loan.

4. On October 1, 1957, the decedent made application to Great Southern for an ordinary life insurance policy in the principal amount of $250,000. The application stated that the beneficiary and owner of the policy was to be Great Southern.

5. On October 4, 1957, Great Southern notified the decedent that the company did not desire to be named as the owner and beneficiary, but that the company's security was to be made in the form of an absolute assignment.

6. On October 16, 1957, a new application was submitted by the decedent to Great Southern which named the plaintiff as the beneficiary and the owner of the policy.

7. On October 17, 1957, Great Southern issued a commitment loan letter to the decedent, stating that it would make a loan in the amount of $575,000 secured by a first and prior lien on the land and improvements of the Town & Country Shopping Center. In addition, the loan commitment letter required as additional security the absolute assignment of $250,000 of permanent life insurance on the life of the decedent, application of such insurance to be made to Great Southern. As consideration for the commitment letter, the decedent paid to Great Southern a standby fee of $5,750.

8. As a result of obtaining the loan commitment letter from Great Southern, the decedent obtained interim financing for the shopping center and the construction began.

9. On November 4, 1957, Great Southern issued its life insurance policy No. 981650 on the life of decedent in the face amount of $250,000, naming plaintiff as the beneficiary of the policy. There was a supplemental provision attached to the policy stating that the applicant, the decedent, had designated his wife, Frankie Lou Smith, as the sole owner of the policy.

10. On May 14, 1958, Great Southern issued an additional commitment letter to the decedent agreeing to make a loan on the shopping center in the amount of $615,000. This commitment also was conditioned upon absolute assignment of policy No. 981650 in the amount of $250,000 to Great Southern as additional security for the loan.

11. The loan was closed on July 7, 1958, and the life insurance policy in the amount of $250,000 was assigned to Great Southern by an assignment executed by the decedent and plaintiff at the closing.

12. The life insurance policy No. 981650, issued by Great Southern on November 4, 1957, was not delivered to the decedent or plaintiff, and at all times remained in the possession of Great Southern.

13. The application to Great Southern for the issuance of the insurance policy on the life of decedent was an integral part of decedent's application to Great Southern for the loan.

14. The decedent was killed on July 2, 1960, in an automobile accident. At the time of his death, the balance due on the loan made by Great Southern was $565,929.84.

15. On July 14, 1960, plaintiff approached Great Southern and requested

that a portion of the proceeds of the life insurance policy be released to her.

16. On July 21, 1960, Great Southern delivered to plaintiff $150,000 of the life insurance proceeds. The remaining $100,000 proceeds of the life insurance policy were applied in reduction of the principal balance of the loan by Great Southern to the decedent.

17. Plaintiff timely filed a Federal estate tax return for the Estate of Houston Smith, Jr. No portion of the $250,000 proceeds of the life insurance policy on the decedent was included in the gross estate.

18. Upon examination by agents of the Internal Revenue Service, the Commissioner of Internal Revenue included one-half, or $125,000, of the $250,000 proceeds of the life insurance policy in the gross estate. The deduction of one-half of the outstanding balance of the mortgage loan was allowed as a deduction for claims against the estate. Accordingly, a deficiency was assessed against the estate which in due course was paid by plaintiff. A claim for refund was timely filed, and on its disallowance, plaintiff timely instituted this action.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter involved in this proceeding. 28 U.S.C. Sec. 1340 and Sec. 1346.

2. Life insurance proceeds receivable by or for the benefit of the estate are includable in the decedent's gross estate under Section 2042(a) of the Internal Revenue Code of 1954. *Commissioner v. Estate of Noel*, 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159 (1965). Treasury Regulations, Sec. 20.2042–1.

3. The loan by Great Southern Life Insurance Company to Houston Smith, Jr. having been made contingent upon the absolute assignment by Houston Smith, Jr., of the policy involved herein on the life of Houston Smith, Jr., the proceeds of said policy are receivable by the Estate of Houston Smith, Jr.

4. The proceeds of the policy involved herein being subject to the obligation of Houston Smith, Jr., to Great Southern Life Insurance Company are includable in the gross estate of the deceased, Houston Smith, Jr.

5. Frankie Lou Smith, despite the provision of the policy that she was the sole owner and her possession of the policy at the time of the death of Houston Smith, Jr., did not have the full benefits and rights of ownership to give her unfettered control over it in that Great Southern Life Insurance Company had a prior claim as a result of its security interest in the policy.

6. To the extent that a life insurance policy, assigned to a creditor as security for a debt is subject to payment of a charge against the estate, that amount of the proceeds of the policy is includable in the insured's gross estate, regardless of whether the creditor availed himself of the security to satisfy the debt. Cf. Estate of *Rohnert v. Commissioner*, 40 B.T.A. 1319 (1939); *Pacific National Bank of Seattle v. Commissioner*, 40 B.T.A. 128 (1939); 2 Mertens, Federal Gift & Estate Taxation, Sec. 17.07, at 343–44.

7. The loan to Houston Smith, Jr. exceeded the amount of the policy and the entire $125,000 is includable in his estate even though the company chose to release a substantial portion of the proceeds to the beneficiary.

8. The policy having been assigned to Great Southern Life Insurance Company as security for a loan which exceeded the amount of the policy, it is immaterial that only a part of the proceeds was applied on the loan.

9. Houston Smith, Jr., in assigning the policy involved herein as security for a loan made contingent on the application for the policy and its assignment, possessed incidents of ownership in the policy making the proceeds includable in his estate under the provisions of Section 2042 of the Internal Revenue Code of 1954.